In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-2442

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

IVORY GRIFFIN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northen District of Indiana, South Bend Division.
No. 04 CR 105—**Allen Sharp**, *Judge.*

———————

ARGUED JANUARY 14, 2008—DECIDED APRIL 4, 2008

———————

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Ivory Griffin pled guilty to one count of possessing an unregistered firearm, 26 U.S.C. § 5861(d), and one count of possessing a firearm after having been previously convicted of a felony, 18 U.S.C. § 922(g)(1). The district court sentenced him to a total of 146 months' imprisonment on both counts. On appeal, Griffin seeks to withdraw his guilty pleas on the basis that the court conducted an incomplete plea colloquy. *See* Fed.

R. Crim. P. 11(b). Griffin also challenges his sentence on the grounds that the court (1) denied him his right to allocution before imposing sentence; and (2) inappropriately entered a corrected judgment. We affirm Griffin's convictions. However, we vacate his sentence and remand for resentencing.

## I. HISTORY

The facts are undisputed. In the fall of 2002, Indiana State Troopers stopped Griffin for speeding on the Indiana Toll Road in St. Joseph County. After Griffin consented to a search of his Pontiac, the officers found in the car's trunk a sawed-off shotgun and ammunition. The officers placed Griffin under arrest, and a grand jury later indicted him on charges of possessing the firearm and ammunition. *See* 18 U.S.C. § 922(g)(1); 26 U.S.C. § 5861(d). Griffin eventually pled guilty to the charges without the benefit of a plea agreement.

At his plea hearing, the district court conducted the colloquy required under Fed. R. Crim. P. 11(b) before accepting Griffin's guilty pleas. Specifically, the court explained to Griffin that he had the right to plead not guilty; to be tried before a jury; and to have counsel, both before the district court and on appeal. *See* Fed. R. Crim. P. 11(b)(1)(B), (b)(1)(C), (b)(1)(D). The court also informed Griffin that, had he elected to proceed to trial, the government could not have forced him to testify, and he would have had the right to confront and cross-examine witnesses who testified against him. *See* Fed. R. Crim. P. 11(b)(1)(E). After the court advised Griffin that he was waiving those rights by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1)(F), it outlined the nature and essential elements

of each of the firearms charges brought against him, stated the maximum possible penalties to which he was exposed, and explained its obligation to impose a special assessment, *see* Fed. R. Crim. P. 11(b)(1)(G), (b)(1)(H), (b)(1)(L).

Despite conducting an otherwise thorough Rule 11 colloquy, the district court did not specifically advise Griffin that he would have had the right to present evidence or that he could have compelled the attendance of witnesses through the court's subpoena power. *See* Fed. R. Crim. P. 11(b)(1)(E). And although the court informed Griffin that he would "be sentenced under the appropriate [Sentencing] Guidelines," the court did not explain that it had the authority "to depart" from the applicable guidelines range. *See* Fed. R. Crim. P. 11(b)(1)(M).

Neither Griffin's counsel, nor the government, informed the court that it overlooked some portions of the colloquy—a point to which we will later return. More importantly, however, Griffin did not object to the colloquy as it was conducted. Instead, Griffin reaffirmed that he was pleading guilty knowingly and voluntarily, and that he was, in fact, guilty of the two firearms charges. The court then accepted Griffin's guilty pleas and scheduled a sentencing hearing.

The district court opened Griffin's sentencing hearing by calculating the guidelines imprisonment range to which he was subject—130 to 162 months. Immediately after the court determined the range, however, it stated that it had "considered the entire record in this case," and based on that review it was "the intent of [the] court" to sentence Griffin to 73 months' imprisonment on the felon-in-possession count, and another 73 months for the unregistered firearm count, for a total of 146 months' imprisonment. The court then stated, "Mr. Griffin has a right to address me

directly, and I will certainly afford him that right." Griffin did not object. Instead, he said, "Well, um, there ain't too much I can say to change your mind. I just want to take this opportunity to apologize to my wife for hurting her feelings and, um, tell her I'm sorry I ain't going to be there for her. That's really it." Although the court later allowed Griffin's attorney and the government's counsel to present arguments regarding the appropriate sentence to impose, it nevertheless entered the 146-month sentence "as indicated."

## II. ANALYSIS

On appeal, Griffin seeks to withdraw his guilty pleas on the ground that the district court conducted a deficient Rule 11 colloquy. Specifically, he points to the court's failure to advise him that he would have had the right to present evidence, that he could have compelled the attendance of witnesses through the court's subpoena power, and that the court had the authority "to depart" from its calculated guidelines range. *See* Fed. R. Crim. P. 11(b)(1)(E), (b)(1)(M).

Because Griffin did not challenge the sufficiency of the colloquy before the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). Under this stringent standard of review, Griffin shoulders the burden of pointing to evidence showing that the district court's incomplete colloquy affected his "substantial rights." *See* Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. Dominguez*

*Benitez*, 542 U.S. 74, 83 (2004); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). In other words, Griffin must show that, but for the district court's omissions, there was a reasonable probability that he would not have pled guilty. *See Dominguez Benitez*, 542 U.S. at 83; *Lee*, 399 F.3d at 866.

Griffin, however, highlights no evidence showing that he would not have pled guilty; he merely asserts, without elaboration, that the rights the district court overlooked are "fundamental" and "affect the fairness of the proceedings." And after reviewing the record, we see nothing suggesting that Griffin would not have pled guilty, particularly when the evidence that he had a previous felony conviction and possessed an unregistered shotgun was overwhelming, *see United States v. Parker*, 368 F.3d 963, 969 (7th Cir. 2004); *United States v. Kelly*, 337 F.3d 897, 905 (7th Cir. 2003), and when he informed the court that he was pleading guilty to the firearms charges because he was, in fact, guilty, *see United States v. Chavers*, No. 06-4303, slip op. at 4 (7th Cir. Jan. 25, 2008) ("[T]he defendant's statements at the plea colloquy are presumed to be true . . . ."); *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (same). Thus, Griffin's unsupported assertion of error is insufficient to prevail on appeal.

This is not the first time that we have addressed a challenge to a Rule 11 colloquy when counsel failed at the plea hearing to inform the district court of its omissions. And it is difficult to understand why counsel here did not help the court avoid correctable omissions. Confusion over Rule 11's requirements should not be the reason; the Rule is not new, unclear, or even difficult to access. Not only should counsel for the government, as well as for the defendant, be familiar with Rule 11 before even walking into a plea hearing, but it would also be a good practice for

them to have a copy of the Rule handy so they can follow along with the court's colloquy. That way, if the court overlooks one of the Rule's provisions, counsel can bring the omission to the court's attention and avoid any later grief. We would like to think that any sentencing judge would not only correct the omissions that he or she made while conducting the colloquy, but would appreciate the opportunity to do so.

Moreover, counsel have nothing to gain by remaining silent about the district court's omissions. The government will not lose its conviction by promptly informing the court that the colloquy was incomplete, and it can only help itself by staving off a potential appeal on the issue. And although defense counsel might remain silent with the assumption that the incomplete colloquy will create a viable issue to appeal, given that our review under such circumstances would be for plain error, such an assumption, much more often than not, is a quixotic pipe dream. *See Villarreal-Tamayo*, 467 F.3d at 632 ("As a practical matter, it is incredibly difficult for a defendant to prove that a district court plainly erred when accepting a guilty plea."); *see also Parker*, 368 F.3d at 967-68; *United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003); *United States v. Martinez*, 289 F.3d 1023, 1029 (7th Cir. 2002); *United States v. Jeffries*, 265 F.3d 556, 557-58 (7th Cir. 2001); *United States v. Gilliam*, 255 F.3d 428, 433-34 (7th Cir. 2001).

The fact remains, however, that Rule 11 is controlling law in federal criminal matters. *See* Fed. R. Crim. P. 1(a)(1). As such, counsel have a professional duty to speak up if they notice that the court happens to forget a portion of the colloquy. *See* Ind. Rules of Prof'l Conduct R. 3.3(a)(2) ("A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the

lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."); *see also* Model Rules of Prof'l Conduct R. 3.3(a)(2) (same); Ill. Sup. Ct. Rules, Art. VIII, R. 3.3(a)(3) (same); Wis. Sup. Ct. Rules, Ch. 20(b), R. 20:3.3(a)(3) (same).

With that said, we turn to Griffin's challenge to his sentence, which, unlike his attempt to withdraw his guilty pleas, has merit. Griffin argues that his sentence should be vacated and his case remanded for resentencing on the ground that the district court violated his right to a meaningful allocution by announcing the sentence it intended to impose before affording him the opportunity to speak. The government agrees. We do as well; a district court plainly errs by announcing its intended sentence before a criminal defendant's allocution. *See United States v. Luepke*, 495 F.3d 443, 452 (7th Cir. 2007); *United States v. Groves*, 470 F.3d 311, 329-30 (7th Cir. 2006); *see also* Fed. R. Crim. P. 32(i)(4)(A)(ii). Accordingly, we need not address Griffin's other challenge to his sentence.

### III. CONCLUSION

Griffin's convictions are AFFIRMED. His sentence, however, is VACATED, and his case is REMANDED to the district court for resentencing.