NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2008
Decided July 25, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3586

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07-CR-84-1 |
| VICTOR M. MUNOZ-REYES, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**ORDER**

Victor Munoz-Reyes was found in Illinois after twice being deported to his native Mexico. His first removal followed a conviction for attempted second-degree assault; his second, a conviction for unlawful reentry. Munoz-Reyes was on supervised release for the latter conviction when he was found in Illinois. He pleaded guilty to being present again in the United States without authorization, *see* 8 U.S.C. § 1326(a), (b)(1), and was sentenced to 90 months' imprisonment and three years' supervised release. Munoz-Reyes filed a notice of appeal, but his appointed counsel moves to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Munoz-Reyes to respond to counsel's submission, *see* CIR. R. 51(b), but he has not. We

confine our review to the potential issues identified in counsel's brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Munoz-Reyes has informed counsel that he wishes to challenge his guilty plea, so counsel first considers whether to raise an issue concerning the adequacy of the plea colloquy or the voluntariness of the plea. Because Munoz-Reyes neither objected to the colloquy nor sought to withdraw his plea in the district court, we would review only for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002).

The district court substantially complied with Federal Rule of Criminal Procedure 11, but counsel notes two omissions: the court did not mention Munoz-Reyes's right to have counsel throughout the proceedings, nor the fact that he could not withdraw his plea simply because the court did not follow the government's sentencing recommendation. *See* FED. R. CRIM. P. 11(b)(1)(D), (c)(3)(B). We would deem the first omission insignificant, though, since Munoz-Reyes was represented by an appointed attorney at his plea hearing and, given an open-and-shut violation of § 1326(a), counsel could not substantiate a claim that Munoz-Reyes would not have pleaded guilty had the judge informed him of the right. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). And because Munoz-Reyes received the second warning in the plea agreement, its absence from the plea colloquy also was inconsequential. *See Dominguez Benitez*, 542 U.S. at 85. In any event, the district court abided by the government's sentencing recommendation.

But there was another error that no one, including Munoz-Reyes's appellate attorney, seems to have noticed: the district court told Munoz-Reyes that the maximum prison sentence for his crime was 20 years. That's incorrect; Munoz-Reyes does not have a conviction for an aggravated felony (just a felony), so he faced a maximum term of 10 years. *See* 8 U.S.C. § 1326(b)(1). A district court's misstatement of potential penalties can significantly affect a defendant's decision to plead guilty. *See, e.g., Moore v. Bryant*, 348 F.3d 238, 242-43 (7th Cir. 2003); *United States v. Padilla*, 23 F.3d 1220, 1221-22 (7th Cir. 1994); *United States v. Gigot*, 147 F.3d 1193, 1199 (10th Cir. 1998). But here Munoz-Reyes confirmed his awareness of the statutory maximum in the morning before the plea hearing, when he signed a plea agreement that correctly reports the 10-year maximum sentence. And when that same, correct potential penalty was again related to Munoz-Reyes in the presentence investigation report, he did not express surprise or ask to withdraw his plea. In this court, moreover, Munoz-Reyes has bypassed the opportunity to respond to his appellate attorney's submission and does not even suggest that he would have gone to trial had he known that the outer limit of his prison sentence was 10, and not 20, years. Given the airtight case against him, along with the lack of any objective evidence that the error

affected Munoz-Reyes's decision to plead guilty, we would not conclude that it affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83; *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008); *United States v. Dixon*, 308 F.3d 229, 233-35 (3d Cir. 2002).

Returning to counsel's submission, the other potential argument she identifies is a challenge to the reasonableness of Munoz-Reyes's sentence. Ninety months' imprisonment falls within a properly calculated guidelines range of 77 to 96 months, so we would presume it reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005). In sentencing Munoz-Reyes at the high end of the range, the court considered Munoz-Reyes's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), including his prior convictions for attempted second-degree assault and for illegal reentry. The court explained that Munoz-Reyes's recidivism demanded a stiff sentence to deter him from future crime, *see id.* § 3553(a)(2)(B), and to hold him accountable for his serious criminal conduct, *see id.* § 3553(a)(2)(A). The court sensibly dismissed as irrelevant Munoz-Reyes's contention that he might have caught an 18-month break under the fast-track program had he been sentenced in the District of Arizona, where his revocation of supervised release took place, because he was found in the Northern District of Illinois. The court effectively lopped off the 18-month difference, in any event, by ordering that Munoz-Reyes's new sentence run concurrently with his 18-month term of reimprisonment for violating the conditions of his supervised release. *Cf.* U.S.S.G. § 5G1.3, cmt. n.3(C). Given the court's thorough explanation of the sentence, we agree that it would be frivolous for Munoz-Reyes to challenge it on appeal. *See Rita*, 127 S. Ct. at 2468.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.