NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009
Decided February 5, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1130

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 51 |
| GERALD COLLYMORE, *Defendant-Appellant.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

On the day his trial was scheduled to begin, Gerald Collymore pleaded guilty without the benefit of a plea agreement to one count of distributing a schedule II controlled substance. *See* 21 U.S.C. § 841(a)(1). On Collymore's request the district court held a bench trial to determine the type and weight of the controlled substance and concluded that Collymore had distributed approximately 62.1 grams of crack. At sentencing the court determined that, taking into account relevant conduct, Collymore was responsible for distributing between 500 grams and 1.5 kilograms of crack. This gave Collymore a base offense level of 34. The court increased the offense level by two points because Collymore had obstructed justice, *see* U.S.S.G. § 3C1.1, and determined that he was not eligible for a reduction for acceptance of responsibility, *see id*. at § 3E1.1, bringing Collymore's offense

level to 36. This offense level, along with Collymore's criminal history of III, yielded a guidelines imprisonment range of 235 to 293 months. The court then considered the sentencing factors in 28 U.S.C. § 3553(a), and sentenced him to 180 months' imprisonment, 55 months below the guidelines minimum. Collymore filed a notice of appeal, but his appointed counsel now seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern a nonfrivolous basis for appeal. Collymore has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first tells us that Collymore wishes to have his guilty plea set aside. Thus, counsel correctly addresses whether Collymore might argue that the district judge did not fully comply with Federal Rule of Criminal Procedure 11(b) before accepting the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Collymore did not move to withdraw his guilty plea in the district court, and so our review would be for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). To ensure that a guilty plea is voluntary, the district court is required to conduct a plea colloquy that substantially complies with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 11(b)(1). Under the plain-error standard a defendant must show that an error or omission in the plea colloquy affected his substantial rights, meaning that, but for the error he would not have pleaded guilty. *See Griffin*, 521 F.3d at 730.

Although the colloquy in this case was extensive, the district judge neglected to explicitly tell Collymore that he had the right to plead not guilty and the right to counsel. *See* FED. R. CRIM. P. 11(b)(1)(B), (b)(1)(D). Neither omission, however, undermined Collymore's ability to understand his rights or to enter a voluntary guilty plea. The very purpose of the colloquy was to allow Collymore to change his plea from not guilty to guilty, so he obviously knew that he had the option to plead not guilty. *See Knox*, 287 F.3d at 670; *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). And Collymore must have known about his right to counsel because he had a lawyer with him during the colloquy. *See Driver*, 242 F.3d at 769; *United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). Thus, we agree with counsel that these oversights in the plea colloquy do not constitute a nonfrivolous ground for appeal.

Counsel next question whether Collymore could challenge the district court's denial of his motion to suppress statements that he gave to the police. As counsel correctly point out, however, when a defendant enters an unconditional guilty plea, he waives all non-

jurisdictional errors that might have occurred prior to the plea. *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001). And nothing in the record suggests that Collymore's plea was anything other than unconditional.

Counsel next examine whether there is a nonfrivolous issue concerning Collymore's sentence. The first potential sentencing challenge they address is the district court's conclusion that Collymore distributed crack. We would review the district court's drug-type finding for clear error. *See United States v. Padilla*, 520 F.3d 766, 769 (7th Cir. 2008). At the bench trial, the government presented overwhelming evidence, including the testimony of lab analysts and police officers as well as Collymore's own statements, that the substance at issue was crack. *See id*. at 771 (noting that drug type may be proved through "testimony from people familiar with the drug" including "veteran police officers and forensic chemists"). The only evidence Collymore presented was a confidential informant's affidavit, signed after the bench trial concluded, attesting that the substance was not crack. But this testimony was directly refuted by the informant's prior and later statements to the police, and therefore we would not quibble with the judge's decision to credit the prosecution's evidence instead.

Counsel also question whether Collymore could argue that the district court erred in determining his relevant conduct to involve between 500 grams and 1.5 kilograms of crack. We agree that this argument is a nonstarter because it is not clearly erroneous, *see United States v. Singleton*, 548 F.3d 589, 591 (7th Cir. 2008), for a court to reasonably estimate the amount of drugs the defendant is responsible for, *see United States v. Marty*, 450 F.3d 687, 690 (7th Cir. 2006). The district judge rejected the much higher quantity that the probation officer suggested in the presentence investigation report, and instead came to his own conclusion based on his interpretation of Collymore's statements to police officers and the statements of the confidential informant describing the amount of drugs Collymore sold over a six-month period. There is nothing in the record to suggest that the court's conclusion was impermissible.

Counsel next ask whether there is a nonfrivolous argument that the district court clearly erred in increasing Collymore's offense level by two levels for obstruction of justice. *See* U.S.S.G. § 3C1.1; *United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007). The court concluded that Collymore obstructed justice by falsely testifying at a suppression hearing that he asked for an attorney while being interviewed by the police and that he did not dictate a statement to a police officer. The court further concluded that these lies were material because they went to the heart of the issue to be decided at the hearing—whether Collymore's statements to the police were voluntary. We agree with counsel that ample evidence supports the conclusion that Collymore obstructed justice. And although Collymore's obstruction was not successful because his statements to the police were not

suppressed, an unsuccessful attempt to obstruct justice is sufficient to warrant an upward adjustment under § 3C1.1. *See United States v. Davis*, 442 F.3d 1003, 1009 (7th Cir. 2006). Thus, any argument that the court erred in applying the increase for obstruction of justice would be frivolous.

We also agree with counsel that it would be frivolous for Collymore to argue that the district court clearly erred when it declined to decrease his offense level for acceptance of responsibility. *See United States v. Lister*, 432 F.3d 754, 759 (7th Cir. 2005). An upward adjustment for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility." U.S.S.G. § 3E1.1 cmt. n.4; *see United States v. Krasinski*, 545 F.3d 546, 554 (7th Cir. 2008). Furthermore, a defendant is not entitled to the adjustment merely for pleading guilty. *See* U.S.S.G. § 3E1.1 cmt. n.3; *Krasinski*, 545 F.3d at 554. Collymore did not even decide to plead guilty until the day he was scheduled to go to trial, which does not suggest he accepted responsibility. *See United State v. Boyle*, 484 F.3d 943, 945 (7th Cir. 2007) (noting that pleading guilty "eventually, rather than immediately" does not entitle a defendant to a reduction for acceptance of responsibility because the government still must bear the burden of preparing for trial).

Finally we agree with counsel that any challenge to Collymore's 180-month sentence, which is 55 months below the low end of the guidelines range, would be frivolous. A below-guidelines sentence is presumptively reasonable. *See United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Moreover, the district court thoroughly analyzed the factors under 18 U.S.C. § 3553(a), considering, among other things, the nature of the crime, Collymore's history of drug dealing, his prior criminal record, and the disparity between sentences for crack and powder cocaine. Counsel is unable to tell us how the resulting sentence could be unreasonable.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.