NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 25, 2009
Decided February 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1687

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 05 CR 1018-1 |
| RAYMOND L. JONES, | |
| *Defendant-Appellant.* | James B. Moran, |
| | *Judge*. |

## O R D E R

Raymond Jones sold stolen credit card information to federal investigators, used stolen credit card information to make purchases, possessed a counterfeit money order, and possessed equipment to steal credit card information. *See* 18 U.S.C. §§ 513(a), 1029(a)(2-4). After pleading guilty, he was sentenced to concurrent sentences of thirty months' imprisonment on each of four counts. Jones appeals, but his appointed counsel has moved to withdraw because she cannot identify any nonfrivolous arguments to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Jones declined an invitation to respond to counsel's submission, *see* CIR. R. 51(b), and so we confine our review to the issues outlined in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

From February 2004 to October 2005, Jones participated in numerous fraudulent internet schemes, such as paying for online goods with counterfeit money orders and selling stolen credit card numbers to undercover federal agents. After searching his residence, the agents arrested him for possession of credit-card-making equipment, a counterfeit money order, and hundreds of stolen credit card numbers, as well as use of those numbers to make purchases. Jones initially pleaded not guilty to the four-count indictment, but he later changed his plea to guilty.

Counsel tells us that Jones wants to challenge the validity of his plea and therefore begins by considering whether Jones could argue that his plea colloquy violated Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Because Jones did not move to withdraw his guilty plea in the district court, our review would be for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel has identified two potential omissions in Jones's plea colloquy. First, the district court did not advise Jones that he had the right to confront witnesses against him at trial. *See* FED. R. CRIM. P. 11(b)(1)(E). However, at the change-of-plea hearing, the court informed Jones that he had a right "to appropriate cross-examination of government witnesses." Cross-examination is the "main and essential" purpose of confrontation, *Davis v. Alaska*, 415 U.S. 308, 315 (1974), and we agree with counsel that it would be frivolous to argue that this omission constituted plain error. Second, the court did not explicitly advise Jones of his right to plead not guilty. *See* FED. R. CRIM. P. 11(b)(1)(B). But Jones was aware of this right because he originally pleaded not guilty to all charges. *Knox*, 287 F.3d at 670.

Counsel next considers whether Jones could challenge his sentence and particularly the district court's application of a two-level enhancement for using "sophisticated means." *See* U.S.S.G. § 2B1.1(b)(9)(C). A fraudulent scheme is sophisticated if it displays "a greater level of planning or concealment" than a typical fraud of that kind. *United States v. Robinson*, 538 F.3d 605, 608 (7th Cir. 2008) (internal quotation omitted). In his sentencing memorandum, Jones had argued that he committed "garden variety internet fraud" by using the internet in a way available to anyone, without any of the means listed in application note 8 to § 2B1.1. *See* U.S.S.G. § 2B1.1 cmt. n.8(B) (listing examples such as hiding assets or transactions through the use of fictitious entities, corporate shells, or offshore financial accounts); *United States v. Allan*, 513 F.3d 712, 715 (7th Cir. 2008). But this argument would fail because Jones's equipment and methods go well beyond those available to the average internet user. For example, he possessed advanced equipment such as a skimmer (a small electronic device used to swipe credit card numbers) and re-encoder, coordinated payments through a contact in Estonia, and perpetrated numerous fraudulent

identities in internet auctions (as well as possessed a fraudulent identity card). This conduct is in line with schemes that we have previously deemed sophisticated. *See Allan*, 513 F.3d at 713-14 (approving "sophistication" enhancement where defendant created fake entities that made fictitious sales referrals to customers of a computer company); *United States v. Wayland*, 549 F.3d 526, 529 (7th Cir. 2008) (upholding the sophisticated means enhancement for an overall scheme of fraudulent health care transactions).

Finally, counsel considers whether Jones could argue—as he did at sentencing—that the factual findings supporting the guideline calculations must be supported by proof beyond a reasonable doubt. We have explained on many occasions, however, that sentencing judges need find facts only by a preponderance of the evidence for purposes of calculating a guideline range, *see, e.g., United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008); *United States v. Hollins*, 498 F.3d 622, 633 (7th Cir. 2007), and any argument to the contrary would be frivolous.

We therefore GRANT the motion to withdraw and DISMISS Jones's appeal.