NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009
Decided June 29, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3050

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 06 CR 908-2 |
| JUAN CRUZ-ENRIQUEZ, *Defendant-Appellant*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Juan Cruz-Enriquez pleaded guilty to conspiracy to possess with intent to distribute in excess of one kilogram of heroin. *See* 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Cruz-Enriquez to the mandatory-minimum 120 months of imprisonment. Cruz-Enriquez filed a timely notice of appeal, and his attorney has moved to withdraw because he cannot discern a nonfrivolous argument. *See Anders v. California*, 386 U.S. 738 (1967).

Cruz-Enriquez has not responded to counsel's brief, *see* CIR. R. 51(b), so our review is limited to the potential issues outlined in counsel's brief.

Cruz-Enriquez told counsel that he wants to set aside his guilty plea, so counsel first examines whether Cruz-Enriquez could challenge the voluntariness of this plea or the adequacy of his plea colloquy. *See* FED. R. CRIM. P. 11. Cruz-Enriquez did not move to withdraw his plea in the district court, so our review would be for plain error. *See United States v. Vonn*, 535 U.S. 55, 59; *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel identifies a single potential error in the Rule 11 colloquy: the district court did not advise Cruz-Enriquez that he could be subject to restitution or any applicable forfeiture. *See* FED. R. CRIM. P. 11(b)(1). But Cruz-Enriquez's substantial rights were not affected by the omission, because no restitution or forfeiture was ordered. *See* Fed. R. Crim. P. 11(h); *Griffin*, 521 F.3d at 730; *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002).

Counsel also considers whether Cruz-Enriquez's sentence could be challenged as being unreasonable, in violation of law, or a result of an improper application of the sentencing guidelines. But Cruz-Enriquez received the statutory-minimum sentence of 120 months, *see* 21 U.S.C. § 841(a)(1), and any challenge to his sentence on these bases would therefore be frivolous. *See United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.