NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3425

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 707-1 |
| RODNEY TANNER, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Rodney Tanner pleaded guilty, pursuant to a written agreement that included an appeal waiver, to one count of conspiring to sell more than five kilograms of cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, and one count of possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). The district court adopted the probation officer's finding that Tanner was responsible for 20 kilograms of cocaine and sentenced him to 322 months in prison, the bottom of the guidelines range. Tanner filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Tanner has not accepted our invitation to comment on counsel's motion, thus we

limit our review to the potential issues identified in counsel's exemplary brief. *See* CIR. R. 51(b); *United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Tanner wants his guilty plea vacated, *see United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002), but because Tanner did not move to withdraw his plea in district court, we would review the plea colloquy for plain error in evaluating whether the plea was voluntary. *United States v. Griffin,* 521 F.3d 727, 730 (7th Cir. 2008).

We agree with counsel that any argument challenging the voluntariness of Tanner's plea would be frivolous. The district court conducted an extensive plea colloquy with Tanner, advising him of the charges against him and the corresponding statutory penalties, *see* FED. R. CRIM. P. 11(b)(1)(F),(G), (H), and (I), his right to plead not guilty, *see id.* at 11(a)(1)(B), and his right to a jury trial at which he would be represented by counsel and could cross-examine adverse witnesses, *see id.* at 11(b)(1)(C), (D) and (E). The judge repeatedly asked Tanner if he understood the consequences of his guilty plea and the rights he was giving up, and Tanner responded unequivocally that he did. *See id.* at 11(b)(1)(N). The government recounted the factual allegations against Tanner at length, and Tanner admitted that the allegations were true. It is true, as counsel points out, that the court did not inform Tanner of its obligation to impose a $100 special assessment per count, *see id.* at 11(b)(1)(L). But considering that the court informed Tanner that he could face fines up to $4,250,000, the omission was necessarily harmless. *See id*. at 11(h).

We also agree with counsel that any argument challenging Tanner's sentence would be frivolous because Tanner waived his right to appeal in his plea agreement. We will enforce an appeal waiver if it is part of a voluntary plea, *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008), and Tanner's appeal waiver forecloses any argument challenging his sentence, *see United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005); *see also United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.