NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 08-3653 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Eastern District of |
| *Plaintiff-Appellee,* | Wisconsin. |
| | |
| *v.* | No. 07-CR-303 |
| | |
| CHRISTOPHER T. JACKSON, | William C. Griesbach, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Christopher Jackson pleaded guilty to one count of armed bank robbery and one count of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 2113(a) & (d) and 922(g)(1) and (2). Jackson's plea agreement included a waiver of his right to appeal any sentence within the statutory maximum that did not result from ineffective assistance of counsel or consideration of constitutionally impermissible factors. The district court sentenced Jackson to 115 months, the top of the guidelines range. Jackson filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Jackson has not accepted our invitation to comment on counsel's motion; thus, we limit our review to the potential issues identified in counsel's facially adequate brief. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Jackson wants his guilty plea vacated, *see United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002), but because Jackson did not move to withdraw his plea in district court, we would review the plea colloquy for plain error in evaluating whether the plea was voluntary. *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

We agree with counsel that any argument challenging the voluntariness of Jackson's plea would be frivolous. The district court's plea colloquy with Jackson was extensive. The judge covered at length the elements of the charged offenses, the corresponding minimum and maximum statutory penalties, restitution, and special assessment, *see* FED. R. CRIM P. 11(b)(1)(F),(G),(H), and (I), his right to a jury trial and the rights he would give up by forgoing a jury trial, *see id.* at 11(b)(1)(C)(D)(E), and the consequences of his appeal waiver, *see id.* at 11(b)(1)(N). The judge repeatedly asked Jackson if he understood the rights he would surrender by pleading guilty, and Jackson repeatedly and each time unequivocally answered that he did. As counsel points out, the judge failed to discuss Jackson's right to plead not guilty, *see id.* at 11(b)(1)(B) or his right to trial counsel, *see id.* at 11(b)(1)(D), but considering that he had initially pleaded not guilty before his change-of-plea-hearing and had been represented by counsel throughout, Jackson was likely aware of these rights. *See id* at Rule 11(h); *Knox*, 287 F.3d at 670; *see also United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

We also agree with counsel that any argument challenging Johson's sentence would be frivolous. We will enforce an appeal waiver if it is part of a voluntary plea, *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008), and Jackson's appeal waiver forecloses any argument challenging his sentence except a claim that the district court relied on a constitutionally impermissible factor or that the sentence exceeded the statutory maximum, *see United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005); *see also United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005). Neither of those issues is relevant here.

Finally, counsel considers whether Jackson could argue that he received ineffective assistance of counsel. As counsel points out, ineffective assistance claims are better suited to collateral review, at which time a full record can be developed. *See United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.