NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2009
Decided October 28, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3207

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:06-cr-50074-1 |
| JOAQUIN J. TANKEY, *Defendant-Appellant.* | Philip G. Reinhard, *Judge*. |

### O R D E R

Joaquin Tankey pleaded guilty to conspiring to acquire and distribute cocaine, and to carrying a gun during that crime. He was sentenced to a total term of 216 months (156 + 60) on the two counts. Tankey has appealed despite the fact that he waived his right to do so in a written plea agreement. His appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Tankey opposes counsel's motion. *See* CIR. R. 51(b).

Counsel says Tankey wants his guilty pleas vacated, but the record is unclear on this point. At any rate, because Tankey did not move to withdraw his pleas in district court, our review of the plea colloquy would be limited to plain error. *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

We agree with counsel that any argument challenging the adequacy of the plea colloquy or the voluntariness of Tankey's guilty pleas would be frivolous. Counsel asserts, and we agree, that the district court substantially complied with Federal Rule of Criminal Procedure 11(b) before accepting Tankey's guilty pleas. It is true, as counsel points out, that the district court did not advise Tankey of the court's authority to order restitution, or that Tankey could compel the attendance of witnesses at trial. But mentioning restitution was unnecessary because none was, or could be, imposed. And the court's failure to mention Tankey's right to compulsory process was harmless because that information was already covered in the written plea agreement. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

So the guilty pleas are not subject to challenge, and that also means that the appeal waiver will be enforced. *See United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008); *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Tankey responds that the waiver could not have been voluntary because both his own counsel and the prosecutor misled him into believing that his sentence would ultimately rest on a finding of 3.5 kilograms, not 20, of cocaine. Tankey swore during the plea colloquy, however, that he read and understood the entire plea agreement. The agreement includes Tankey's concession that "at least" 3.5 kilograms were at issue, as well as the government position that the actual number was 20 kilograms.

Accordingly, we GRANT the motion to withdraw filed by counsel and DISMISS Tankey's appeal.