**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2010
Decided February 17, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3014

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-306 |
| TIMOTHY E. KRIESCHER, | William C. Griesbach, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Timothy Kriescher pleaded guilty to receiving child pornography, see 18 U.S.C. § 2252A(a)(2), and the district court sentenced him to 60 months' imprisonment followed by 20 years of supervised release. In his plea agreement Kriescher promised to forgo any appeal or collateral challenge to his conviction or sentence unless it resulted from ineffective assistance of counsel or consideration of constitutionally impermissible factors. Kriescher appealed, but his appointed counsel moves to withdraw because he cannot identify any nonfrivolous argument to pursue. See *Anders v. California*, 386 U.S. 738 (1967). Kriescher did not respond to counsel's submission. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. See *United*

*States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).

Kriescher has indicated that he wants his guilty plea set aside, so counsel properly begins by evaluating whether he could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy. See FED R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Because Kriescher did not move to withdraw his guilty plea in the district court, our review would only be for plain error. See *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel considers challenging the plea colloquy based on two irregularities. First, when inquiring about the voluntariness of the plea, the district court asked if the agreement was produced by "force" but did not ask Kriescher if he had been "threatened" in the process. See FED. R. CRIM. P. 11(b)(2). Second, the district court did not explicitly tell Kriescher that he had the right to plead not guilty. See *id.* at 11(b)(1)(B). But both of these omissions were harmless because the plea agreement specifically stated that "no threats, promises, representations, or other inducements" produced Kriescher's plea, and it properly informed him of his right to plead not guilty. See *id.* at 11(h); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). Moreover the transcript of the Rule 11 colloquy makes clear that the judge repeatedly verified that Kriescher's plea was knowing and voluntary and that he understood his right to plead not guilty. Given this context, it would be frivolous to argue that Kriescher's plea was involuntary based on the plea colloquy.

Counsel also informs us that Kriescher believes his plea was involuntary because of ineffective assistance from his previous attorney. A challenge to the adequacy of counsel's performance, however, is best pursued on collateral review so that a more complete record can be developed. See *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Finally, counsel considers challenging Kriescher's sentence. But this argument is foreclosed by the appeal waiver because no aspect of the sentence exceeded the statutory maximum. See 18 U.S.C. § 2252A(a)(2)(A). If the guilty plea stands, so does the waiver. *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.