NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3477

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| v. | No. 1:08-CR-10091-001 |
| ARCHIE BRADFIELD, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Archie Bradfield pleaded guilty to one count of conspiring to possess and distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court held Bradfield responsible for over 3 kilograms of crack and sentenced him to a total of 242 months' imprisonment. Bradfield appeals his conviction and sentence, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Bradfield opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified by counsel in her facially adequate brief and by Bradfield in his response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first explains that Bradfield wishes to have his guilty plea set aside. Thus, counsel evaluates whether Bradfield could challenge the voluntariness of the plea or the

adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Because Bradfield did not move to withdraw his guilty plea in the district court, we would review for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel notes that the district court neglected to inform Bradfield of his right to have counsel appointed if he could not afford an attorney, *see* FED. R. CRIM. P. 11(b)(1)(D), and considers whether Bradfield could challenge the plea colloquy based on this single omission. But we agree with counsel that such an argument would be frivolous because Bradfield was well aware of this right given that he was represented by appointed counsel at the time of his change-of-plea hearing. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001); *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988).

In his Rule 51(b) response, Bradfield proposes to challenge his guilty plea on the ground that it was induced by ineffective assistance of counsel. Bradfield lists several complaints about his lawyer's representation, including his assertion that counsel told him he would receive the 10-year statutory minimum if he pleaded guilty to conspiracy but otherwise would face a mandatory life sentence. If not for this bad advice, Bradfield says, he would have taken his case to trial. But there is no support for this claim in the record, and, as we often have explained, it is in a defendant's best interest that we decline to consider an ineffective-assistance claim on direct appeal so that it may be presented on collateral review where the necessary record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Counsel also considers whether Bradfield could argue that the district court erred in ruling that statements Bradfield made as part of a proffer agreement were admissible at sentencing. According to the terms of the written agreement, any statements Bradfield made during his proffers could not "be used directly against [him] in any criminal case, including sentencing." But if Bradfield was to "subsequently testify or take a position contrary to the information [he] provid[ed]" then the agreement allowed the government to use Bradfield's statements "as impeachment or rebuttal evidence." Before sentencing Bradfield objected to the recommendation in his presentence report that he be held responsible for over 3 kilograms of crack. He argued that the drug estimates were based in part on unreliable hearsay statements made by his codefendant, Montego Rice. The government construed Bradfield's objection as an attempt to dispute the amount of crack he apparently admitted in a proffer, and the prosecutor filed a notice of intent to introduce Bradfield's proffer statements as rebuttal evidence. The district court concluded that the terms of the proffer agreement allowed the government to use Bradfield's statements to the extent that his objection to the presentence report contradicted the statements he made during his proffer. But Bradfield abandoned his challenge to the drug quantity after Rice

testified about the drug operation and corroborated the amount listed in the presentence report. Because Bradfield's proffer statements were never introduced at sentencing, any error in the district court's ruling would be harmless, s*ee United States v. Singleton*, 548 F.3d 589, 594 (7th Cir. 2008), and any challenge to the court's ruling would be frivolous.

Next, counsel and Bradfield both question whether it was proper for the district court to rely on Rice's testimony at sentencing to determine the quantity of crack involved in the conspiracy. Counsel does not explain on what basis Bradfield could challenge the reliability of Rice's testimony, but any such challenge would be futile because the district court's decision to credit Rice's testimony deserves great deference. *See United States v. Rodgers*, 245 F.3d 961, 968 (7th Cir. 2001). At sentencing Bradfield did not cross-examine Rice about his description of the conspiracy or the accuracy of his account of the amount of crack involved. Rice's testimony corroborated the information reflected in Bradfield's presentence report, and the FBI agent confirmed that Rice's description of Bradfield's drug activities was consistent with the statements Rice made right after his arrest. Thus, there was sufficient indicia of reliability for the district court to consider Rice's testimony. *See* U.S.S.G. § 6A1.3(a); *United States v. Wilson*, 502 F.3d 718, 721-22 (7th Cir. 2007).

Bradfield advances an additional argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He contends that the district court erred by holding him responsible for an amount of crack that was not proven beyond a reasonable doubt. But Bradfield's *Apprendi* argument is frivolous because he admitted during his plea colloquy to selling more than five grams of crack. This admission satisfies *Apprendi*'s mandate that drug quantities used to increase a statutory maximum must be proven beyond a reasonable doubt. *See United States v. Bowlin*, 534 F.3d 654, 662-63 (7th Cir. 2008); *United States v. Flagg*, 481 F.3d 946, 949-50 (7th Cir. 2007). Under 21 U.S.C. § 841(b)(1)(B), the maximum statutory penalty for distributing five or more grams of crack is 40 years' imprisonment. The district judge sentenced Bradfield to a term of 242 months, far below the statutory maximum, and thus Bradfield's *Apprendi* rights were not violated.

Finally, Bradfield argues that his conspiracy conviction violates the Double Jeopardy Clause of the Fifth Amendment. He apparently contends that his conviction is invalid because the conspiracy charge includes two objectives: possessing crack with intent to distribute *and* distributing the illegal drugs. But the crime of conspiracy punishes the illicit agreement, and that agreement can have multiple criminal objectives. *Braverman v. United States*, 317 U.S. 49, 53-54 (1942); *United States v. Hughes*, 310 F.3d 557, 560-61 (7th Cir. 2002).

Accordingly, we GRANT counsel's motion and DISMISS Bradfield's appeal.