**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011
Decided July 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3893

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 10-30068-001-MJR |
| BLAKE J. YOUNG, <br> *Defendant-Appellant.* | Michael J. Reagan, <br> *Judge.* |

**O R D E R**

Blake Young paid a 12-year-old boy $20 to allow him to engage in sexual activity with the boy and to photograph his genitals. Young previously engaged in the same misconduct with a 15-year-old and showed the younger boy a picture of the older boy's genitals. When the 12-year-old's mother found out, she contacted federal authorities, and Young eventually pleaded guilty to producing and possessing child pornography, *see* 18 U.S.C. §§ 2251(a), 2252(a)(4)(B). The probation officer calculated a guidelines imprisonment range of 292 to 365 months, and the district court sentenced Young to a total of 300 months.

Young filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Young has filed a response opposing counsel's motion, *see* CIR. R. 51(b), as well as a

request for the appointment of substitute counsel. We limit our review to the potential issues identified in counsel's facially adequate brief and Young's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Appellate counsel has not discussed potential issues concerning Young's guilty pleas on the belief that he did not want those pleas vacated, *see United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002), but Young disputes this understanding in his Rule 51(b) response. Young does not say, though, what his objection is, and since he did not move to withdraw his pleas in the district court, our review would be for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). To ensure the voluntariness of a guilty plea, a district court must conduct a colloquy that substantially complies with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Under the plain-error standard a defendant must show that an error or omission in the plea colloquy affected his substantial rights, meaning there is a reasonable probability that, but for the error, he would not have pleaded guilty. *See Griffin*, 521 F.3d at 730.

Here the district court conducted a thorough Rule 11 colloquy, except for two minor omissions that could not have affected Young's substantial rights. The district court did not tell Young that he could persist in his pleas of not guilty, though Young obviously knew this because he already had pleaded not guilty and was seeking to alter those pleas. *See Knox*, 287 F.3d at 670. The district court also neglected to tell Young that his right to counsel would extend not just to trial but to "every other stage of the proceeding." *See* FED. R. CRIM. P. 11(b)(1)(D). Young knew this too because he was represented by appointed counsel throughout the proceedings. *See United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Accordingly, these minor shortcomings in the plea colloquy do not add up to a nonfrivolous ground for appeal.

Counsel has evaluated whether Young could argue that his prison sentence is unreasonable. The probation officer correctly calculated an imprisonment range of 292 to 365 months based on Young's criminal history category of III and a total offense level of 38, after adding a 5-level upward adjustment because Young engaged in a "pattern" of prohibited sexual misconduct by molesting the two boys. *See* U.S.S.G. § 4B1.5(b)(1). The district court adopted these calculations without objection from Young, and appellate counsel has not identified any conceivable basis to challenge them on appeal.

Young's overall sentence, which is within the properly calculated guidelines range, is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347-56 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). At sentencing, Young's lawyer argued that the guidelines imprisonment range was too harsh because of the perceived "anomaly"

that, in his particular case, the total offense level would have been lower if his earlier crime against the 15-year-old had been discovered and prosecuted before he assaulted the 12-year-old. This is so because § 4B1.5 sets a uniform offense level (much like the career-offender guideline, *see* U.S.S.G. § 4B1.1) for defendants with prior convictions for sex crimes committed against minors, and adds 5 offense levels for those defendants, like Young, who engaged in a pattern of misconduct but eluded prosecution. *See* U.S.S.G. § 4B1.5(a), (b). The district court considered Young's argument, however, as well as the government's contention that Young's premise ignored that he would have faced a statutory minimum sentence of 25 years, not 15 as he did, if he had a prior conviction for a similar crime. *See* 18 U.S.C. § 2251(a)(e); *United States v. Huffstatler*, 571 F.3d 620, 622 (7th Cir. 2009); *United States v. Vowell*, 516 F.3d 503, 508 n.1 (6th Cir. 2008). Indeed, if Young had a prior conviction, the statutory minimum for his conviction of producing child pornography would have been 25 years or 300 months, 8 months higher than the low end of Young's imprisonment range as calculated with the 5-level increase. So the "anomaly" argument was illusory, and, at all events, the district court simply concluded that a prison term within the guidelines range was necessary to protect the public from Young. Counsel has not identified a basis for setting aside the presumption that Young's within-guidelines sentence was reasonable, nor have we.

Counsel's motion to withdraw is GRANTED, Young's motion for substitute counsel is DENIED, and the appeal is DISMISSED.