**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2017[*]
Decided October 18, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16–2285

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:08-CR-10091-001 |
| ARCHIE BRADFIELD, *Defendant- Appellant*. | Michael M. Mihm, *Judge*. |

**O R D E R**

Archie Bradfield pleaded guilty to one count of conspiring to possess and distribute crack cocaine in 2009, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 242 months' imprisonment. Five years later, the Sentencing Commission adopted Amendment 782, reducing the base-offense level for most drug offenses by two levels. *See* U.S.S.G. supp. to app. C, amend. 782 (2014); *id.*, amend. 788 (making Amendment 782 retroactive). In 2015 Bradfield moved to have his sentence

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

reduced under this amendment, *see* 18 U.S.C. § 3582(c)(2), and the district judge reduced his sentence to 235 months' imprisonment. This appeal concerns a later motion that Bradfield filed under the same amendment. Because the later motion is an improper successive attempt to get relief under the same amendment, we affirm.

Nine months after Bradfield received relief under his first motion, he filed his second § 3582(c)(2) motion, again asking the district court to reduce his sentence under Amendment 782. The judge denied the motion, reasoning that Bradfield was not entitled to a second reduction based on the same amendment. The judge also noted that Bradfield sought to relitigate the drug quantity attributed to him at sentencing, but we already had deemed that argument frivolous in a prior order. *See United States v. Bradfield*, 376 F. App'x 620, 622–24 (7th Cir. 2010). A month after the court's denial, Bradfield filed *another* motion where he yet *again* asked for a sentence reduction under § 3582 by invoking Amendment 782 and again challenged the amount of cocaine attributed to him at sentencing. The judge denied this motion, and Bradfield appeals that denial.

The judge's denial of the third motion, which is the only decision properly before us, was correct. A district court cannot grant a successive § 3582(c)(2) motion filed more than 14 days after the court has decided the first motion. *See* FED. R. APP. P. 4(b); *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). Bradfield already benefited from a sentence reduction that Amendment 782 authorizes when the district judge granted his first motion in 2015. Therefore the judge did not err in denying Bradfield's third motion, filed the next year, under the same amendment. Moreover, even if this motion were Bradfield's first, the judge could not have granted the relief Bradfield sought in it. Bradfield was attempting to relitigate the drug weight used to calculate the guidelines range provided at sentencing. "[Section] 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds" the Commission established. *Dillon v. United States*, 560 U.S. 817, 831 (2010).

We thus AFFIRM the district court's judgment.