**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5058**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

ERVINE MAYS, JR.,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:07-cr-00131-PMD-1)

Submitted:  April 7, 2008　　　　　　Decided:  May 8, 2008

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ervine Mays, Jr., pled guilty, without a plea agreement, to possession with intent to distribute five grams or more of cocaine base ("crack"), a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2007) (Count One), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(I) (West 2000 & Supp. 2007) (Count Two). The district court sentenced Mays to sixty months in prison on Count One and a consecutive sixty months in prison on Count Two. Mays timely appealed.

Mays' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Mays' guilty plea, asserting that the 100:1 ratio for crack cocaine and powder cocaine sentences under § 841 is unconstitutional, and questioning the reasonableness of Mays' sentence. Counsel states, however, that she has found no meritorious grounds for appeal.[1] Finding no meritorious grounds for appeal, we affirm.

Although counsel questioned the district court's compliance with Rule 11, she concluded that there were no errors in the Rule 11 proceeding. We note that the district court failed to inform Mays that he could persist in his initial plea of not

_____

[1]Mays received notice of his right to file a pro se supplemental brief, but he did not file one.

guilty, as required by Fed. R. Crim. P. 11(b)(1)(B). Because Mays did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

To demonstrate plain error, Mays must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). A defendant who alleges that there was Rule 11 error affecting his substantial rights bears the burden of showing a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Mays was aware that he could persist in his plea of not guilty because the very purpose of the plea hearing was to change his plea from not guilty to guilty. United States v. Knox, 287 F.3d 667, 670 (7th Cir. 2002). The record provides no basis upon which to conclude that Mays would not have pled guilty had the district court advised him of his right to continue to plead not guilty.

Next, Mays takes issue with the 100:1 crack cocaine versus powder cocaine sentencing disparity in § 841, arguing that it violates his equal protection rights. We note that the Sentencing Commission has recently amended the federal sentencing guidelines to reduce the disparity in the guidelines, see U.S. Sentencing Guidelines Manual § 2D1.1(c) (2007), but the statute has not been amended. Mays acknowledges that this court has

rejected challenges to the constitutionality of § 841, see, e.g., United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994), but he wishes to preserve his objection to the disparity.  To the extent that Mays seeks to have this court reconsider its holdings in these cases, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court.  Only the Supreme Court or this court sitting en banc can do that."[2] Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citations omitted).

Finally, Mays argues that his sentence is unreasonable. Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007).  When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473.  In the Fourth Circuit, "[a] sentence within the proper

---

[2]The Supreme Court's recent decision in Kimbrough v. United States, 128 S. Ct. 558 (2007) (holding that district court has discretion to find "that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purpose, even in a mine run case"), did not find § 841's penalty provisions unconstitutional, nor did it overrule this court's prior holdings rejecting such challenges to the 100:1 ratio.

Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Here, the district court correctly calculated the guideline range, treated the guidelines as advisory, and considered the § 3553(a) factors. The court considered "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1), and the need "to provide just punishment for the offense," id. at § 3553(a)(2)(A). The court then imposed consecutive sixty—month prison terms, the bottom of the guideline range and the statutory minimum. We find that the sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Mays' convictions and sentence. This court requires that counsel inform Mays, in writing, of the right to petition the Supreme Court of the United States for further review. If Mays requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mays. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED