**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2008[*]
Decided November 13, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1919

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | 07-CR-257 |
| FRED HANNIBLE, JR. *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Fred Hannible, Jr., pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a). The district court sentenced him to 84 months' imprisonment, the bottom of the applicable guidelines range. Hannible filed a notice of appeal, but his

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. See FED. R. APP. P. 34(a)(2).

appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for the appeal. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's supporting brief is facially adequate, and Hannible has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We therefore consider only those potential issues identified by counsel. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Hannible might challenge his guilty plea. Counsel, however, has not informed us whether Hannible wants his plea vacated. As we have made clear, counsel should not address this potential challenge unless he has first consulted with his client and determined that the client wants to withdraw the guilty plea. See *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Although this was an oversight, it makes no difference to the outcome in this case, because any challenge to Hannible's guilty plea would be frivolous. Hannible did not move to withdraw his guilty plea in the district court, and so our review would be only for plain error. See *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). To ensure the voluntariness of a guilty plea, the district court is required to conduct a plea colloquy that substantially complies with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 11(b)(1). Under the plain-error standard a defendant must show that an error or omission in the plea colloquy affected his substantial rights, meaning that, but for the error, he would not have pleaded guilty. See *Griffin*, 521 F.3d at 730.

Although the district court conducted an otherwise thorough Rule 11 colloquy, counsel has identified one omission, and we have found two more. These omissions, however, did not affect Hannible's substantial rights. As counsel notes, the district court did not warn Hannible that the government could use his sworn statements in a prosecution for perjury or false statement, see FED. R. CRIM. P. 11(b)(1)(A), but Hannible does not contend that he lied during the plea colloquy or that he is facing any actual or threatened prosecution for perjury, see *United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). The district court also neglected to tell Hannible that his right to counsel – including an entitlement to appointed counsel if necessary – would extend not just to trial but to "every other stage of the proceeding." See FED. R. CRIM. P. 11(b)(1)(D). But Hannible was represented by appointed counsel throughout the proceedings. See *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Finally, the district court failed to advise Hannible that he could compel witnesses to testify at trial, though the court did say that Hannible could present a defense. See FED. R. CRIM. P. 11(b)(1)(E). Yet Hannible knew about his right to compulsory process because it is spelled out in the plea agreement. See *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). We agree with counsel that these minor shortcomings in the plea colloquy do not add up to a nonfrivolous ground for appeal.

Counsel next considers whether Hannible might challenge his prison sentence. Counsel initially suggests that the district court erred by failing to address the sentencing guidelines before analyzing the factors set out in 18 U.S.C. § 3553(a). See *Gall v. United States*, 128 S. Ct. 586, 596 (2007). We do not share counsel's view of the record. A sentencing court is required to begin by correctly calculating the guidelines range, *Gall*, 128 S. Ct. at 596, but that is what the district court did in this case. At the outset of Hannible's sentencing hearing, the court adopted the probation officer's guidelines calculations without objection from either party, and so counsel is mistaken in thinking that the court jumped straight to § 3553(a) without evaluating the pertinent guidelines.

Counsel also appears to consider a challenge to the reasonableness of the prison term imposed by the district court. Hannible's sentence falls at the low end of the advisory guidelines range and is therefore presumptively reasonable. See *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Hendrix*, 509 F.3d 362, 376 (7th Cir. 2007). The district court appropriately treated the sentencing guidelines as advisory and considered the relevant factors under § 3553(a), including the nature of the offense, deterrence and safety concerns, and Hannible's character, criminal history, and vocational needs. See *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Wachowiak*, 496 F.3d 744, 747-48 (7th Cir. 2007). Counsel is unable to offer any reason why Hannible's sentence would be unreasonable, and neither can we.

Accordingly, Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.