FILED
United States Court of Appeals
Tenth Circuit

**June 30, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTONIO RAFAEL FERGUSON,

    Defendant-Appellant.

No. 10-5034

(D.C. No. 4:09-CR-00128-GKF-1)
(N. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Antonio Rafael Ferguson pled guilty to a single count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 924(a)(2), and was sentenced to thirty-seven months' imprisonment. On appeal, Ferguson's counsel has filed an Anders brief and a motion to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967). Ferguson was provided with copies of these pleadings and was advised that he could file a pro se brief. He has not, however, filed a pro se brief. Nor has the government filed a response. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

On July 18, 2009, Ferguson was stopped by a Tulsa County Sheriff's deputy for traffic violations. Because Ferguson lacked a driver's license or insurance, he was placed under arrest. During the ensuing pat-down, the deputy determined that Ferguson, a convicted felon, was in possession of a loaded pistol.

On September 9, 2009, a federal grand jury indicted Ferguson on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Ferguson pled guilty to that charge on October 30, 2009. The initial presentence investigation report (PSR) was prepared by the probation office and submitted to the district court and parties on December 14, 2009. A revised PSR was prepared and submitted to the district court and parties on January 21, 2010. Neither Ferguson nor the government had any objections to the revised PSR. On February 19, 2010, the district court adopted the revised PSR's sentencing calculations and sentenced Ferguson to

thirty-seven months' imprisonment, a term at the bottom of the advisory guideline range.  Judgment was entered in the case on February 25, 2010.  Ferguson subsequently filed a timely notice of appeal.

II

In Anders, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Counsel must submit to the court a brief "referring to anything in the record that might arguably support the appeal."  Id.  When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous."  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).  If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal.  Anders, 386 U.S. at 744.

Ferguson's counsel provided Ferguson with copies of both the Anders brief and the motion to withdraw.  Aplt. Br. at 15; Motion at 3.  In accordance with 10th Cir. R. 46.4(B)(2), this court also provided notice to Ferguson of his opportunity to file a pro se brief.  As noted, Ferguson did not respond.

The only arguable basis for appeal identified by Ferguson's counsel is that the district court failed, during the course of the plea colloquy, to advise Ferguson of the court's obligation, in determining his sentence, to "calculate the applicable

3

sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) . . . ." Fed. R. Crim. P. 11(b)(1)(M). Ferguson's counsel concedes, however, that this issue was not raised below and is thus subject to review only for plain error. United States v. Cano-Varela, 497 F.3d 1122, 1131 (10th Cir. 2007). "To show Rule 11 plain error, a defendant must show (1) error that (2) is plain which (3) affected his substantial rights and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Ferguson's counsel further concedes, and we agree after reviewing the record on appeal, that Ferguson cannot establish the district court's error affected his substantial rights because "the Petition to Enter Plea of Guilty furnished the requisite information" regarding sentencing, and because "Ferguson did not move to withdraw his guilty plea" at any time during the district court proceedings. Aplt. Br. at 5. Thus, we conclude the Rule 11 error identified by Ferguson's counsel is frivolous.

As for the procedural and substantive reasonableness of the sentence imposed by the district court, Ferguson's counsel concedes he "has not identified any basis for arguing that the Sentencing Guideline calculations were erroneous, or that the sentence at the minimum of the Guideline range was unreasonable." Id. And, after conducting our own independent examination of the record on appeal, we agree. As noted, the district court adopted, without objection, the

4

Sentencing Guideline calculations outlined in the revised PSR. Our review of the revised PSR and the sentencing hearing transcript reveals nothing procedurally irregular about those calculations. Further, because the sentence imposed by the district court fell at the bottom of the advisory guideline range, we must presume it to be substantively reasonable, United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006), and nothing in the record on appeal persuades us to abandon this presumption. In addition, Ferguson's counsel asked the court at sentencing to impose a sentence at the bottom of the range. For the court to have sentenced Ferguson to a lesser sentence would have required the court to vary sua sponte from the advisory guideline range.

III

Upon a full examination of the record as required by Anders, we find no nonfrivolous basis for Ferguson to challenge his conviction or sentence. Accordingly, we GRANT counsel's motion to withdraw, and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Chief Judge