**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4586**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DONALD CHANEY,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior District Judge.  (3:08-cr-00773-MJP-1)

———————————

Submitted:  August 31, 2010       Decided:  September 23, 2010

———————————

Before KING, GREGORY, and AGEE, Circuit Judges.

———————————

Affirmed and remanded by unpublished per curiam opinion.

———————————

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Robert Claude Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Chaney appeals his conviction and 151-month sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2006). Chaney's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues on appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Chaney's guilty plea and whether the sentence is reasonable. Chaney has filed a pro se supplemental brief, arguing that the district court erred in categorizing him as a career offender. The Government declined to file a brief. We affirm.

"Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty" he faces, and the various rights he is relinquishing by pleading guilty. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); Fed. R. Crim. P. 11(b)(1)-(2). The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3); DeFusco, 949 F.2d at 120. Because Chaney did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez,

2

277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Chaney must "show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). In order to demonstrate that his substantial rights were affected, Chaney "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (internal quotation marks omitted).

After reviewing the record, we conclude that the district court performed a thorough plea colloquy prior to accepting Chaney's guilty plea, substantially in compliance with Rule 11. Though the district court did not inform Chaney that he could be prosecuted for perjury if he made any false statements during the hearing, this error did not affect Chaney's substantial rights, as he has not alleged that he would not have pleaded guilty if he had been so informed. See Massenburg, 564 F.3d at 344. Additionally, though the district court did not explicitly state that it found a factual basis for the guilty plea, because the record leaves no doubt that such a factual basis existed, the district court's acceptance of the plea was not in error. Martinez, 277 F.3d at 531. Accordingly,

3

we conclude that the errors in the plea colloquy did not affect Chaney's substantial rights.

As to Chaney's sentencing claims, we are charged with reviewing sentences for both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51). After reviewing the record, we conclude that Chaney's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record and find no meritorious issues on appeal. Additionally, we have reviewed the issues raised in Chaney's supplemental brief and find them to be without merit. Therefore, we affirm the

4

judgment of the district court, but remand for correction of a clerical error in the written judgment. The first page of the judgment incorrectly states that Chaney was convicted of violating 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Instead, the judgment should read that Chaney was convicted of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>

5