**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0299n.06

**Nos. 10-1058/10-1165**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| DONTAY LATRAY-DAJUAN BANKS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 16, 2012*

LEONARD GREEN, Clerk

BEFORE: SILER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. Dontay Banks pled guilty to distributing 50 grams or more of a mixture containing cocaine base and was sentenced to 10 years' imprisonment and five years of supervised release. Banks now appeals, arguing (1) that his guilty plea was not knowing and voluntary because it was accepted in violation of four subsections of Federal Rule of Criminal Procedure 11(b)(1), (2) that he should be resentenced under the Fair Sentencing Act of 2010, and (3) that the district court improperly amended its judgment after he filed a notice of appeal.

Banks's first two claims are unavailing. First, all four of his arguments with respect to Rule 11(b)(1) are without merit. Second, the Fair Sentencing Act of 2010 does not apply retroactively to cover Banks's crime. But Banks is correct that the district court lacked the authority to amend its judgment when it did.

I.

In early 2008, Banks repeatedly sold cocaine to both a confidential informant and an undercover police officer. These transactions involved a total of 84.74 grams of cocaine base. Following these transactions, federal agents searched Banks's residence and found cocaine base and digital scales, as well as a stolen gun and marijuana.

In April 2009, a federal grand jury indicted Banks, charging him with three counts of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). On August 13, 2009, Banks made his initial appearance and the magistrate judge advised Banks of his rights, informed him of the nature of the charges against him, and accurately described the minimum and maximum penalties Banks was facing on each count. Banks stated that he understood the charges against him, as well as the applicable penalties.

On August 17, 2009, Banks was arraigned. Again, the magistrate judge advised Banks of his rights, informed him of the nature of the charges against him, and accurately described the minimum and maximum penalties Banks was facing on each count. And again, Banks stated that he understood the charges against him, as well as the applicable penalties. Although the magistrate judge noted that Banks had a learning disability, Banks said that there was nothing wrong with him, either physically or mentally, that would make it difficult for him to understand the proceedings. Moreover, Banks's attorney stated that he already read the indictment to Banks verbatim. Banks then pled not guilty to each of the charges against him. However, Banks later changed his mind and

agreed to plead guilty, without a plea agreement, to count one of the indictment—distributing 50 grams or more of a mixture containing cocaine base.

On October 5, 2009, the district court held a change of plea hearing. The district court put Banks under oath and asked him if he understood "the obligation of truthfulness to any answers you might make to the questions put to you in this matter." Banks responded that he did. The district court then asked Banks: "is there anything mentally or physically that would in any way impair or affect your ability to understand these proceedings this afternoon?" Banks initially responded "yes, sir," but immediately corrected himself, saying "no, sir." Banks then confirmed that he had an adequate opportunity to talk to his lawyer about his case. The district court then had count one of the indictment read aloud to Banks and Banks pled guilty to the charge and acknowledged that by doing so he was giving up a number of constitutional rights.

The district court then accurately stated that, as to count one, Banks was facing a maximum penalty of up to life imprisonment. But the district court incorrectly stated that Banks also faced "a *maximum* penalty here of at least ten years in prison," rather than a *minimum* penalty of at least ten years in prison. However, the district court later correctly stated "that this matter carries a minimum penalty of ten years and a maximum penalty of life," to which Banks twice responded that he understood. Banks also confirmed that he thoroughly discussed the applicable penalties with his attorney and that his attorney explained to him the minimum and maximum sentences. The district court also noted, and Banks stated that he understood, that, in addition to the minimum and maximum penalties, the district court "would be required to consider certain applicable sentence

guidelines as part of the overall decision as to the sentence that [the] Court would be required to impose."

Banks then provided a detailed factual basis to support his guilty plea. The district court found that Banks's guilty plea was freely and voluntarily entered and further found that count one of the indictment appeared to be factually accurate. Therefore, the district court accepted Banks's guilty plea.

The probation office prepared an extensive Presentence Report (PSR), which thoroughly discussed Banks's offense conduct and repeatedly stated that Banks was facing a mandatory minimum of 10 years' imprisonment and a maximum of life imprisonment. The PSR recommended a total offense level of 27 and a criminal history category of III based on four criminal history points. The PSR initially recommended a guidelines range of 87 to 108 months' imprisonment, but noted that, pursuant to § 5G1.1 of the federal sentencing guidelines, the 10-year mandatory minimum sentence became the guideline range. Section 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Neither party objected to these calculations.

On January 7, 2010, the district court held a sentencing hearing. Banks indicated that he had an opportunity to review the PSR and stated that it accurately reflected his circumstances. Banks's attorney said that "we know [Banks] has a ten-year mandatory minimum. . . . [T]he presentence report shows who Mr. Banks is, accurately talked about his conduct in this matter, and he

understands that the law requires the minimum sentence." Ultimately, the district court sentenced Banks to 10 years' imprisonment, the mandatory minimum, and five years of supervised release. The district court then told Banks that he would "be released on supervised release to a half-way house in Grand Rapids. I want you out of your venue for a little while so we can get things straightened out." The district court then granted the Government's motion to dismiss the remaining counts of the indictment and Banks was placed in custody.

On January 8, 2010, the district court issued its written judgment. In it, the district court stated that Banks was sentenced to 10 years' imprisonment and five years of supervised release. The district court also stated that the "[d]efendant shall be released on supervision to a half-way house in Grand Rapids, Michigan."

On January 14, 2010, Banks filed a timely notice of appeal.

On February 1, 2010, the district court issued an amended judgment. In it, the district court deleted the special condition of supervision regarding the half-way house and instead recommended to the Bureau of Prisons "[t]hat the defendant be designated to a half-way house in Grand Rapids, Michigan towards the end of his sentence in order to reintegrate back into society."

On February 8, 2010, Banks filed another notice of appeal.

II.

A.

The district court did not err by accepting Banks's guilty plea. Banks argues that his guilty plea was not knowing and voluntary because it was accepted in violation of four subsections of Rule

11(b)(1). Since Banks did not raise any of these issues below, this court reviews the district court's acceptance of his plea under the plain error standard. *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004). All four of Banks's arguments with respect to Rule 11 lack merit.

First, the district court informed Banks of, and determined that he understood, the nature of the charge to which he was pleading, as required by Rule 11(b)(1)(G). At both Banks's initial appearance and arraignment, the magistrate judge thoroughly described the charges against him and Banks repeatedly stated that he understood those charges. Moreover, at Banks's arraignment, his attorney said that he read the indictment to Banks verbatim. Banks never implied, let alone said, that he did not understand the charges against him. Although the magistrate judge noted that Banks had a learning disability, Banks said that there was nothing wrong with him, either physically or mentally, that would make it difficult for him to understand the proceedings. These portions of the record are relevant and help prove that Banks understood the charges against him. Indeed, the Supreme Court has said that in assessing alleged violations of Rule 11, appellate courts can consider transcripts from a defendant's initial appearance and arraignment, not just the plea proceedings alone. *See United States v. Vonn*, 535 U.S. 55, 74-75 (2002).

Even beyond Banks's initial appearance and arraignment, it is clear from the change of plea hearing that Banks understood what he was pleading guilty to. At that hearing, the district court asked Banks: "is there anything mentally or physically that would in any way impair or affect your ability to understand these proceedings this afternoon?" While Banks initially responded "yes, sir," he immediately corrected himself, saying "no, sir." Banks then confirmed that he had an adequate

opportunity to talk to his lawyer about his case. Still, the district court had count one of the indictment read aloud to Banks once more so that he understood the charge to which he was pleading. Without hesitation, Banks pled guilty to the charge and even acknowledged that by doing so he was giving up several constitutional rights. Banks then gave a detailed factual basis to support his guilty plea. In sum, a thorough review of the record shows that Banks understood the nature of the charge to which he was pleading.

Banks's citation of *United States v. McCreary-Redd*, 475 F.3d 718 (6th Cir. 2007), does not advance his argument. In *McCreary-Redd*, this court found that a district court violated Rule 11(b)(1)(G) in part because the record was "devoid of any reading of the indictment . . ., summary of the charges, or even an admission by [the defendant] that he intended to distribute the substance." *McCreary-Redd*, 475 F.3d at 724. In this case, however, Banks's attorney read the indictment to Banks verbatim, the district court had count one of the indictment read to Banks in open court, both the magistrate judge and the district court repeatedly summarized the charges against Banks, and Banks gave a detailed factual basis to support his guilty plea. Accordingly, Banks's reliance on *McCreary-Redd* is misplaced and the district court did not violate Rule 11(b)(1)(G) in this regard.

Second, the district court informed Banks of, and determined that he understood, the mandatory 10-year minimum penalty he was facing on count one, as required by Rule 11(b)(1)(I). At Banks's initial appearance, the magistrate judge correctly told Banks that he was facing a minimum penalty of "not less than ten years" and a maximum penalty of "up to life imprisonment." Banks stated that he understood these penalties. And at Banks's arraignment, the magistrate judge

again told Banks that he was facing a minimum penalty of "not less than ten years" and a maximum penalty of "up to life in prison." And again, Banks stated that he understood these penalties.

Banks highlights the fact that, at the beginning of the change of plea hearing, the district court briefly misspoke. While the district court accurately stated that Banks was facing a maximum penalty of up to life imprisonment, the district court said that Banks also faced "a *maximum* penalty here of at least ten years in prison," rather than a *minimum* penalty of at least ten years in prison. However, the district court later correctly stated "that this matter carries a minimum penalty of ten years and a maximum penalty of life," to which Banks twice responded that he understood. Banks also confirmed that he thoroughly discussed the applicable penalties with his attorney and that his attorney explained to him the minimum and maximum sentences. Thus, it is clear from the record that, at the time he pled guilty, Banks understood that he was subject to a mandatory 10-year minimum sentence. Indeed, Banks's attorney confirmed this fact at the sentencing hearing when he said "we know [Banks] has a ten-year mandatory minimum," and "[Banks] understands that the law requires the minimum sentence." In short, Banks's argument that the district court violated Rule 11(b)(1)(I) is without merit.

Third, Banks's argument that the district court committed reversible error by not warning him that the Government could use his sworn statements in a prosecution for perjury or false statement, as required by Rule 11(b)(1)(A), is likewise without merit. At the change of plea hearing, the district court put Banks under oath and asked him if he understood "the obligation of truthfulness to any answers you might make to the questions put to you in this matter." Banks responded that he did.

While the district court did not recite Rule 11(b)(1)(A) word-for-word, Banks fails to show how this omission affected his substantial rights, particularly since he is not facing any actual or threatened prosecution for perjury. Under similar circumstances, several other circuits have held that a district court's failure to comply strictly with Rule 11(b)(1)(A) was not reversible error. *See, e.g., United States v. Pimentel,* 539 F.3d 26, 30 (1st Cir. 2008); *United States v. Chaney*, 408 F. App'x 649, 650 (4th Cir. 2010); *United States v. Gomez*, 348 F. App'x 66, 69 (5th Cir. 2009); *United States v. Hannible*, 299 F. App'x 567, 568 (7th Cir. 2008); *United States v. Frook*, 616 F.3d 773, 777 (8th Cir. 2010). Accordingly, the district court's variance from Rule 11(b)(1)(A) was, at most, harmless error.

Fourth, Banks's argument that the district court committed reversible error by failing to tell him that it would consider the 18 U.S.C. § 3553(a) factors at sentencing, as required by Rule 11(b)(1)(M), is likewise without merit. At the change of plea hearing, the district court noted, and Banks stated that he understood, that the district court "would be required to consider certain applicable sentence guidelines as part of the overall decision as to the sentence that [the] Court would be required to impose." Although the district court did not say precisely that it was required to consider the § 3553(a) factors at sentencing, Banks again fails to show how this omission affected his substantial rights. Banks also fails to cite any case law justifying the extraordinary relief he seeks, and instead concedes that other circuits have found that a district court's failure to comply with Rule 11(b)(1)(M) was not reversible error. *See, e.g., United States v. Arizpe-Duque*, 391 F. App'x 380, 381 (5th Cir. 2010); *United States v. Ferguson*, 384 F. App'x 829, 830-31 (10th Cir.

2010). Simply put, the district court's minor departure from Rule 11(b)(1)(M) does not warrant reversal by this court.

In sum, Banks's argument that his guilty plea was not knowing and voluntary because it was accepted in violation of four subsections of Rule 11(b)(1) is without merit.

### B.

Banks's argument that his case should be remanded so that he can be resentenced under the Fair Sentencing Act of 2010 is also without merit. Banks is correct that the Fair Sentencing Act of 2010 increased the quantity of cocaine base that is required to trigger the 10-year statutory minimum prison sentence from 50 grams to 280 grams. *See* Pub. L. 111-220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010) (amending 21 U.S.C. § 841(b)(1)(A)(iii)). Banks is also correct that since his transactions involved a total of 84.74 grams of cocaine base, he would be subject to the 10-year statutory minimum under the old law but not under the new law. But as Banks himself concedes, the Fair Sentencing Act of 2010 is not retroactive. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Therefore, this court must apply the penalty provision in place at the time Banks committed the crime in question and accordingly, must affirm the district court's imposition of the 10-year mandatory minimum sentence.

### C.

This court must nevertheless remand Banks's case so that the district court can properly reenter its amended judgment. As Banks points out, the district court lacked the authority to amend its original judgment when it did. This court has recognized "that the filing of the notice of appeal

with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Thus, once Banks filed his first notice of appeal, the district court lacked the jurisdiction to amend its original judgment. Moreover, the district court was not merely exercising its authority under FED. R. CRIM. P. 36. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Here, it appears that the district court gave no notice to the parties that it intended to amend the original judgment. Furthermore, the district court's amended judgment, which deleted the special condition of supervision regarding the half-way house and added a recommendation to the Bureau of Prisons "[t]hat the defendant be designated to a half-way house in Grand Rapids, Michigan towards the end of his sentence in order to reintegrate back into society," cannot accurately be characterized as a mere correction of a clerical error in the original judgment. In short, the district court issued its amended judgment at a point when it could not do so.

That leaves this court with the district court's original judgment. Banks argues that the original judgment is unreasonable because it implies that he "would be required to serve his *entire* 5-year term of supervised release in a half-way house." The Government, on the other hand, argues that the district court clearly "did not intend for Defendant to serve five years of supervised release in a half-way house." The language of the original judgment does not lend itself to narrow construction on our part, particularly since the district court tried to clarify its sentence regarding the

half-way house by amending that judgment. Therefore, on the appeal from the original sentence, we remand this case to the district court so that it can properly reenter its amended judgment.

### III.

For the foregoing reasons, we affirm Banks's conviction, and vacate the sentencing judgment, so that the district court can properly reenter its amended judgment.