NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0092n.06

Case No. 22-5226

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 16, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| EDDIE TAPIA, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: COLE, GIBBONS, and READLER, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Eddie Tapia pled guilty to one count of drug conspiracy and one count of possession of a firearm in furtherance of a drug trafficking crime. He now appeals, claiming that his guilty plea on the firearm possession count was not knowingly, intelligently, and voluntarily entered, and that he should have been permitted to withdraw it. He therefore seeks to vacate his guilty plea and conviction and remand the case to the district court. Because Tapia entered a knowing, intelligent, and voluntary guilty plea and does not present a "fair and just reason" to withdraw it, we affirm.

I.

In 2019, Eddie Tapia was charged with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2), and knowing possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). The charges stemmed from

law enforcement's surveillance and investigation of Tapia, including searches that revealed several firearms and cocaine in Tapia's car and cocaine at his residence.

Through his appointed counsel, Tapia pled not guilty to the charges. However, he later decided to plead guilty to the first and third counts pursuant to a written plea agreement. The government agreed as part of the agreement to move to dismiss the second count at sentencing. At his change of plea hearing, Tapia testified that he had attended school until eleventh grade, could read, write, and understand legal documents, and did not suffer from any mental or physical problems. He affirmed that he recognized and had read the written plea agreement and its supplement and also had his counsel explain its contents to him. Tapia denied being threatened or coerced into pleading guilty and agreed that he did so "because [he] committed the crimes in Counts 1 and 3 of the superceding [*sic*] indictment[.]" DE 105, Re-arraignment Tr., Page ID 248.

The district court summarized the contents of Tapia's plea agreement and then reviewed the culpable conduct underlying the offenses. It focused on one paragraph in the plea agreement that described the discovery of cocaine and firearms during a search of Tapia's vehicle, Tapia's knowledge that the guns were located there, and Tapia's agreement that the guns found that day "are consistent with and indicative of possession of a firearm in further[ance] of drug trafficking." DE 61, Plea Agreement, Page ID 143-44. The district court asked him whether he reviewed the paragraph and admitted the conduct attributed to him. Acknowledging that he was signing the agreement and testifying under oath, Tapia answered that he did.

The court next noted that Tapia reserved the right to appeal his sentence but waived the right to appeal his guilty plea and conviction. The court asked Tapia again if he understood his plea agreement, whether his lawyer explained it to him, and whether he entered it voluntarily. Tapia answered affirmatively.

Finally, the district court described Tapia's right to trial, the standard of proof, and that "the government's evidence against [him] . . . will be subject to challenge by [his] lawyer." DE 105, Re-arraignment Tr., Page ID 254. The court stated that Tapia "would not be obligated to call any witnesses or to testify[.]" *Id.* Tapia responded that he understood those described rights or opportunities and that the court's acceptance of his guilty plea meant that trial would not take place. Finally, he stated that he did not want to have a trial and pled guilty to the first and third counts of the superseding indictment. The court accepted and entered his plea.

Tapia's sentencing was originally scheduled for June 2020 but was rescheduled multiple times. Meanwhile, Tapia retained new counsel, Fred Peters, and Tapia's former counsel was permitted to withdraw.

Tapia moved to withdraw his guilty plea on June 11, 2021, without explanation. Although the district court denied the motion, it granted Tapia's subsequent motion to continue his sentencing in order to provide counsel time to file a renewed motion. Tapia's renewed motion sought only to withdraw his plea to the count of firearm possession. He explained that he only pled guilty to firearm possession because he was erroneously informed by his former counsel that he had to plead guilty to both counts to avoid trial on the drug trafficking charge. Thus, Tapia requested to withdraw his guilty plea to the third count and proceed to trial on that count alone.

The district court held a hearing on the motion. Tapia's counsel, Peters, did not present any evidence at the hearing, but he argued that Tapia was told by prior counsel that he must plead guilty to both counts to avoid trial. The district court provided Peters time after the hearing to contact Tapia's former counsel. After doing so, Peters provided notice that Tapia's prior counsel did not recall ever advising Tapia of this requirement. The district court denied the motion and set the matter for sentencing. Although Tapia objected to the inclusion of the § 924(c) charge in his

Presentence Report and did not admit to possession of a firearm in furtherance of drug trafficking at sentencing, the district court overruled his objection and sentenced him to consecutive sentences of 120 months on the drug trafficking charge and sixty months on the firearm possession charge. This appeal followed.

II.

Federal Rule of Criminal Procedure 11 requires a district court, before accepting a guilty plea, to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands," relevant aspects of federal law. Fed. R. Crim. P. 11(b)(1); *see United States v. Ramirez-Figueredo*, 33 F.4th 312, 315 (6th Cir. 2022). "Where, as here, a defendant does not present objections regarding any alleged Rule 11 violation to the district court, we review for plain error." *United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010). We review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. *United States v. Quinlan*, 473 F.3d 273, 276 (6th Cir. 2007).

III.

Tapia first argues that the district court's failure to advise him of certain rights under Rule 11 resulted in a guilty plea that was not knowingly, intelligently, and voluntarily entered.[1] He then argues that, even if the guilty plea were valid, the district court erred in denying Tapia's motion to withdraw it.

**A. Validity of Guilty Plea**

To establish that the district court committed plain error under Rule 11, Tapia must show that (1) the district court committed an error, (2) that is "clear or obvious, rather than subject to

---

[1] Both parties agree that Tapia's appeal waiver does not apply here because he contends that his guilty plea was not knowing and voluntary. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

reasonable dispute[,]" and (3) which affected his substantial rights. *Mobley*, 618 F.3d at 544 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Under the third prong, Tapia must establish a reasonable probability that he would not have pled guilty without the court's plain error. *See United States v. Hogg*, 723 F.3d 730, 737 (6th Cir. 2013) (citation omitted). Tapia then faces the "'further burden,' under plain error review, to 'persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Vonn*, 535 U.S. 55, 63 (2002)). A district court's "'substantial compliance' [with Rule 11] rather than 'strict compliance' . . . is sufficient to satisfy Rule 11's requirements." *United States v. DeBusk*, 976 F.2d 300, 306 (6th Cir. 1992) (citing *United States v. Stead,* 746 F.2d 355, 357 (6th Cir. 1984)).

Tapia argues that the district court violated Rule 11 by failing to advise him of the following rights:

> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; . . . (D) the right to be represented by counsel . . . at trial and at every other stage of the proceeding; [and] (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses[.]"

Fed. R. Crim. P. 11(b)(1)(A), (B), (D), (E); *see* CA6 R. 19, Appellant Br., at 23-24. Tapia contends that these omissions violated his substantial rights because he would not have pled guilty "to a crime he did not commit" had he been so advised. *Id.* at 24. In response, apparently conceding that the district court did not deliver these reminders, the government argues that any technical Rule 11 violations did not affect Tapia's substantial rights. We agree with the government that none of the alleged violations affected Tapia's substantial rights. Thus, the district court did not plainly err when it accepted Tapia's guilty plea.

First, the omission of a perjury warning did not affect Tapia's substantial rights. Twice in open court, the district court reminded Tapia that his statements could be used against him and were under oath. *See* DE 146, Initial Appearance Tr., Page ID 404 (reminding Tapia that "whatever you do say can be used by the government against you"); DE 105, Re-arraignment Tr., Page ID 243-44 (explaining that Tapia's answers were "under oath, so it's . . . important that all of your answers to my questions be true and accurate to the best of your knowledge."); *see also Vonn*, 535 U.S. at 74-75 (explaining that while error is "to be assessed on an existing record, . . . it did not mean to limit that record strictly to the plea proceedings[.]") (citing Advisory Committee's Notes, 1569). Moreover, Tapia is not facing an actual or threatened perjury prosecution. *See, e.g., United States v. Banks*, 467 F. App'x 468, 473 (6th Cir. 2012) ("While the district court did not recite Rule 11(b)(1)(A), word-for-word, Banks fails to show how this omission affected his substantial rights, particularly since he is not facing any actual or threatened prosecution for perjury."). With those reminders and without a threat of perjury prosecution, Tapia presents no evidence that it is reasonably probable that he would have withheld his plea and proceeded to trial had the court given a more robust warning.

The district court's failure to remind Tapia of his right to plead not guilty also did not affect his substantial rights because Tapia had previously pled not guilty to the third count. His awareness of the right to do so negates any likelihood that he would have pled not guilty at his change of plea hearing had the court provided an explicit reminder. *See, e.g., United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002) ("The district judge did not explicitly remind Knox of his right to plead not guilty . . . though Knox, who already had pleaded not guilty and sought to alter that plea, obviously knew this[.]") (emphasis removed). Tapia was also aware of his right to maintain his not guilty plea. After initially pleading not guilty, Tapia was informed in open court

that he "certainly [had the] right not to take an agreement" and, after consulting with counsel, could "do what [he] need[ed] to do," including whether to proceed to trial. DE 138, Mot. Hearing, Page ID 355. Thus, any failure to advise Tapia of his right to maintain his original plea did not prevent him from knowing that he could do so. *See, e.g., United States v. Mays*, 276 F. App'x 311, 313 (4th Cir. 2008) ("Mays was aware that he could persist in his plea of not guilty because the very purpose of the plea hearing was to change his plea from not guilty to guilty.") (citing *Knox*, 287 F.3d at 670). Nor is there any requirement that a district court must expressly explain to a defendant that he can admit guilt on one count but plead not guilty to another.

Tapia also contends that he only pled guilty to both charges because his prior counsel erroneously advised him to do so to avoid a trial on the drug charge. This is not a Rule 11 violation as it does not involve any action by the court. Additionally, Tapia's prior counsel could not recall advising him that he must plead guilty to both charges. Tapia testified under oath that he could read, write, and understand legal documents, that his counsel explained to him the written plea agreement, and that he was willing to plead guilty because he committed the crime charged in the third count. We therefore cannot find that Tapia's substantial rights were violated by any combination of the court and counsel's actions here.

We are also not convinced that the court's failure to advise Tapia of the rights to be represented by appointed counsel, to confront and cross-examine witnesses, and to testify influenced his decision to plead guilty. Tapia was aware of his right to be represented, as he was represented by appointed counsel at the plea hearing and had previously been informed of this right. *See Banks*, 467 F. App'x at 471. Additionally, the court acknowledged that Tapia's counsel could challenge the government's evidence, that Tapia had no obligation to call witnesses or testify, and that the court's acceptance of his guilty plea meant that trial and the exercise of any of

those described rights would not take place. Asked if he understood these trial rights and what he would be forgoing by accepting a guilty plea, Tapia said that he understood and did not want a trial.

None of these technical violations of Rule 11 implicate the "core concerns" of the rule to warrant reversal. *See DeBusk*, 976 F.2d at 306 (identifying the core concerns of Rule 11 as: "Was the plea coerced? Does the accused understand the nature of the charges? And does the accused understand the consequences of the plea?") (quoting *United States v. Bernal*, 861 F.2d 434 (5th Cir. 1988), *cert. denied*, 493 U.S. 872 (1989)). At most, we find these technical violations amount to harmless error. *See Stead,* 746 F.2d at 356 (district court's failure to advise defendant of right against self-incrimination or to confront and cross-examine witnesses deemed harmless error); *see also United States v. Gonzalez-Ramirez*, 59 F. App'x 36, 38 (6th Cir. 2003) ("An entire failure to address one of these [core] concerns requires reversal, whereas an inadequate address or less than letter perfect compliance with Rule 11 may be excused under a harmless error analysis provided that the core concerns are met.").

The record shows that the district court substantially complied with the requirements of Rule 11 and that Tapia understood his constitutional rights, the nature of his charges, and the consequences of pleading guilty. *See Vonn*, 535 U.S. at 59 ("[A] reviewing court may consult the whole record when considering the effect of any error on substantial rights."). Because Tapia has not demonstrated that any Rule 11 omissions influenced his decision to plead guilty or that his guilty plea was not knowing and intelligent, we find his plea valid. *See, e.g., United States v. Viramont*, 1 F.3d 1243, 1993 WL 272453, at *4 (6th Cir. 1993) (table) (per curiam) (finding that a court's failure to expressly remind defendant of certain rights under Rule 11 does not preclude finding guilty plea to have been voluntary and intelligent).

## B. Denial of Motion to Withdraw Plea[2]

Next, Tapia argues that, even if his plea was knowing, intelligent, and voluntary, the district court should have allowed him to withdraw it. A district court may permit a defendant to withdraw a valid guilty plea if the defendant presents the court with a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Giorgio*, 802 F.3d 845, 848 (6th Cir. 2015). The purpose of the rule is:

> to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."

*United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985)). A defendant bears the burden of establishing his entitlement to withdrawal. *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996).

The parties agree that, to determine whether Tapia established a "fair and just reason" for withdrawal, the district court considered the appropriate non-exclusive, non-controlling factors established in *United States v. Bashara,* 27 F.3d 1174 (6th Cir. 1994), *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000):

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had

---

[2] Tapia's knowing and voluntary waiver of the right to appeal his conviction bars his appeal of the denial of his motion to withdraw his plea. *United States v. Toth*, 668 F.3d 374, 377-79 (6th Cir. 2012). However, because the government only references this waiver argument in passing and engages fully with the defendant's substantive argument regarding his entitlement to withdrawal, we consider the substance of Tapia's entitlement to withdraw his plea. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited].").

prior experience with the criminal justice system; and (7) potential prejudice to the
government if the motion to withdraw is granted.

27 F.3d at 1181; *see also United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011) (applying

*Bashara* factors). Tapia argues that the district court abused its discretion in denying his motion

because all of *Bashara* factors weigh in his favor, other than the length of delay between the entry

of his plea and his motion to withdraw. The government contends that the district court properly

weighed the factors. We review the district court's analysis.

A. Length of Delay

Tapia first moved to withdraw his guilty plea approximately sixteen months after pleading

guilty. He concedes that this length of time does not favor him. We have consistently found

similar, and even shorter, delays excessive. *See, e.g., United States v. Catchings*, 708 F.3d 710

718 (6th Cir. 2013) (more than two-month delay favored the government); *United States v. Martin*,

668 F.3d 787, 795 (6th Cir. 2012) (ninety-five day delay favored the government). To the extent

that Tapia points to his counsel change as the reason for his delay, the length of time between

Peters' appearance and either motion—two-and-a-half months until his first motion and eight

months until the renewed motion—is still beyond what this court has allowed. The district court

properly found that this factor therefore favors the government.

B. Reason for Delay

In his renewed motion to withdraw, Tapia did not justify his sixteen-month delay. The

district court therefore weighed this factor in favor of the government. However, Tapia now argues

that he could not have moved to withdraw his plea until he retained new counsel and that counsel

had time to familiarize himself with the issues and identify the prior counsel's errors. He also

argues that the COVID-19 outbreak encumbered his new counsel's ability to interact with him,

investigate the circumstances of his guilty plea, and advise Tapia accordingly. We need not review

Tapia's new arguments on appeal. *United States v. Wright*, 343 F.3d 849, 867 (6th Cir. 2003) ("We do not review arguments that are raised for the first time on appeal."). Without being provided justification for Tapia's delay, the district court properly found this factor favored the government.

### C. Assertion of Innocence

The district court concluded that Tapia did not expressly consider this factor in his motion and reasoned that Tapia's actions at the change of plea hearing—telling the court under oath that he committed the crime in count three, pleading guilty, and entering into a written plea agreement indicating his guilt—weighed against permitting withdrawal. On appeal, Tapia asserts that, upon learning of the prior counsel's faulty advice and seeking to withdraw his plea, he has "consistently maintained his innocence to the 924(c) charge and expressed a desire to go to trial," while also maintaining his guilt for the drug conspiracy offense. CA6 R. 19, Appellant Br., at 33. The government responds that this expression of innocence "rings hollow" in light of Tapia's previous actions. CA6 R. 31, Appellee Br., at 18.

On review, the district court was incorrect that Tapia's motion did not address his innocence, as the motion itself "insist[ed] that he did not possess any guns in furtherance of his drug trafficking." DE 108, Def. Request to Withdraw Plea to Count 3, Page ID 261. Even so, that assertion is contradicted by Tapia's previous admission under oath that he had guns in his car that were indicative of possessing a firearm in furtherance of drug trafficking. "Statements of guilt under oath at a plea hearing support the district judge's decision not to permit withdrawal." *United States v. Martin*, 668 F.3d 787, 796 (6th Cir. 2012). Even if the district court improperly disregarded the assertion of innocence in Tapia's motion, the record still demonstrates that Tapia

has not consistently maintained his innocence. Thus, the district court did not abuse its discretion in finding that this factor favors the government.

D. Circumstances Underlying Guilty Plea

The district court concluded that this factor favored the government. First, it found no evidence that Tapia's former counsel erroneously advised him to plead guilty to both counts to avoid trial on the first count. It also considered that (1) the court reviewed with Tapia the charges in the indictment, the consequences of pleading guilty, and the plea agreement, (2) Tapia affirmed that he read and understood the agreement and entered it willingly, and (3) the court told that Tapia that he would not be allowed to withdraw his plea if he was subsequently unsatisfied with his future punishment.

Tapia argues that this factor favors him due to his reliance on his former counsel's erroneous advice. But given the lack of evidentiary support for that statement, we cannot hold that the district court abused its discretion in finding Tapia's characterization of this encounter with his former counsel not credible. *See, e.g., United States v. Stone*, 762 F. App'x 315, 323 (6th Cir. 2019) (construing district court's ruling against defendant when defendant claimed not to know "that he could plead guilty to some charges and proceed to trial on others" as finding the defendant "not credible."). Because the record indicates that the district court reviewed Tapia's charges, the plea agreement, and the consequences of pleading guilty with Tapia, and that Tapia affirmed that he understood these documents and voluntarily entered his plea, the district court appropriately exercised its discretion to conclude that this factor favored the government.

E. Defendant's Nature and Background

Tapia again did not address this factor in his motion. Relying on what occurred at the change of plea hearing, the court found nothing in Tapia's nature or background preventing him

from understanding his plea, as he did not suffer from mental problems, could read and write, and stated that he understood the legal documents he was provided. On this basis alone, the district court did not abuse its discretion in weighing this factor for the government.

Now, however, Tapia argues that his failure to graduate from high school or obtain his GED until he was in federal custody weighs in favor of withdrawal, especially in light of other Sixth Circuit cases in which a defendant's strong educational background weighed against withdrawal. *See United States v. Goddard*, 638 F.3d 490, 495 n.2 (6th Cir. 2011) (defendant had doctorate); *United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007) (defendant had "sophisticated and successful business[]" background); *United States v. Ellis*, 470 F.3d 275, 285 n.2 (6th Cir. 2006) (defendant "highly educated and sophisticated").

Notwithstanding the fact that this new argument need not be considered, *see Wright*, 343 F.3d at 867, it is worth acknowledging that the district court was aware of Tapia's educational background and still concluded that he was not prevented from understanding the plea as it was presented to him. Thus, the district court did not abuse its discretion in finding that this factor weighed against withdrawal.

F. Prior Experience with Criminal Justice System

The district court concluded that Tapia's limited prior experience with the criminal justice system weighs in his favor, and neither Tapia nor the government opposes that conclusion. We agree that the court properly decided this factor.

G. Other Factors

Tapia contends—again, for the first time on appeal—that another factor favors withdrawal: his desire only to withdraw his plea to one of the two counts to which he pled guilty. He argues that this factor "bolsters his credibility, especially when the plea he seeks to withdraw is to the

count that carries the lesser sentence." CA6 R. 19, Appellant Br., at 36. As stated previously, we need not consider Tapia's arguments raised for the first time on appeal. *See Wright*, 343 F.3d at 867. Regardless, this argument is most relevant to Tapia's assertion of innocence, which has already proven inconsistent.

Weighing all factors presented to it, the district court concluded that Tapia had not established a fair and just reason to allow the withdrawal of his plea. Finding as much, it properly did not consider any argument regarding potential prejudice to the government. *See United States v. Spencer,* 836 F.2d 236, 240 (6th Cir. 1987)"[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal."). The district court therefore did not err in denying Tapia's motion to withdraw.

IV.

For the foregoing reasons, we affirm.